Section 45 (2 Stat. at Large, 151), *Page 219 
provides that, if a wife be complainant, and a decree dissolving the marriage be pronounced, the court may make a further decree or order against the defendant, compelling him to provide for the maintenance of the children of the marriage, and to provide such suitable allowance to the complainant for her support as the court shall deem just, having regard to the circumstances of the parties, respectively. Section 59 provides, that, in any suit brought by a married woman for a divorce, or for a separation, the court in which the same shall be pending may, during the pendency of the cause, or at its final hearing, or afterward, as occasion may require, make such order, as between the parties, for the custody, care and education of the children of the marriage, as may seem necessary and proper, and may, at any time thereafter, annul, vary or modify such order. It will be seen that section 45 confers power upon the court to make proper provision, in the decree dissolving the marriage, for the maintenance of the children thereof, and, also, a suitable allowance to the wife, having regard to the circumstances of the parties. This provision is to be made by, and constituted a part of, the decree, and be based upon the then circumstances of the parties. The decree, in this respect, is not to be modified by subsequent changes in such circumstances. By the dissolution of the marriage, the relation of husband and wife between the parties ceases to exist, and the subsequent relations of the parties are the same as though no marriage had ever been had. The claim of the wife for support is to be determined by her situation and probable wants, and the ability of the husband to provide therefor at the time of making the decree. If, at this time, such facts do not require the court to make such a provision, and it is not made by the decree, it is equally final in respect thereto as though such provision was made. The wife has no right, afterward, to come in and show that, although from her situation, or the circumstances of the husband at the time of rendering the decree, a provision for her support would not have been proper, yet subsequent changes require it to be made. This would *Page 220 
entirely set aside that provision of section 45, requiring that, in making such provision, regard must be had to the circumstances of the parties at that time. If the husband, after the dissolution of the marriage, acquires property, the former wife is not entitled to any increase in her allowance on account of the property so acquired, nor can the husband claim exemption from payment of what is required by the decree, on account of subsequent losses sustained, of property which he then had, any more than exemption from the payment of any other judgment which may have been rendered against him. All this appears from section 45 of the statute. But if any possible doubt as to this remained, it would be removed by section 59, which carefully confers the power of subsequently modifying the decree in respect to the custody, care and education of the children of the marriage, while conferring no such power to modify the decree in respect to the support of the wife.
It is not intended to deny the power of the court to open a decree or judgment for the purpose of correcting a mistake made in rendering it, but this is entirely different from the power assumed in the present, of modifying the decree in consequence of facts thereafter occurring. In this case, eighteen years after the decree dissolving the marriage, upon an affidavit of the plaintiff, duly served, with notice of motion, upon the defendant, showing a then necessity of the plaintiff for an allowance for support, and of the then pecuniary means of the defendant, a motion was made for an allowance to the plaintiff for her support. The defendant appeared and opposed the motion. An order was made appointing a referee to take proof of the facts, etc., and report to the court. The subsequent orders, resulting in an allowance of $1,000 a year, were based upon this, and the report of a second referee appointed, and show that the conclusion was arrived at by a consideration not of the circumstances of the parties at the time the decree for dissolution of the marriage was pronounced, but those of eighteen years thereafter. This was error. *Page 221 
Cases in which a separation, in other words, of divorce from bed and board, have been decreed, are not analogous. In the latter, the relation of husband and wife still exists between the parties, the rights and duties resulting therefrom being merely suspended by the judgment. In the former, as we have seen, that relation is terminated by the decree, and the subsequent relation of the parties the same as though no marriage between them had ever occurred.
Had the defendant duly appealed from the first order appointing a referee, and the subsequent orders, they should have been reversed. But he did not do this. He appeared and opposed the motion, and, after months' delay, made a motion, at Special Term, to set the orders aside, on the ground that the court had no power to make them. This was appealing from one Special Term to another. The practice does not authorize this. Had the orders been made ex parte, so that the defendant had had no chance of being heard upon the original motions, the case would have been different; but he not only had the opportunity, but, in fact, was heard. Under such a state of facts the Special Term was right in holding that he could not move to set aside the order, but must have its validity determined upon appeal to the General Term therefrom.
For this reason, I have reluctantly come to the conclusion that the order appealed from must be affirmed.
CHURCH, Ch. J., RAPALLO, ANDREWS and JOHNSON, JJ., concur with ALLEN, J., for reversal.
GROVER and FOLGER, JJ., dissent.
Ordered in accordance with opinion of ALLEN, J.